HARRY DAVIDSON AND JAKE DAVIDSON V. THE STATE.

No. 18497.   Delivered October 28, 1936.

216

The opinion states the case.

*Ressel & Ressel,* of Galveston, and *M. S. Munson, Jr.,* of Wharton, for appellants.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

LATTIMORE, JUDGE.—Conviction for failure to pay occupation tax and obtain license; punishment, a fine of $280.00.

On February 14, 1936, complaint was filed in the county court of Wharton County, Texas, charging H. Davidson and J. Davidson, as officers of "Davidsons Incorporated," with pursuing and following, in Wharton, Texas, the occupation of itinerant merchants, that is, of a merchant who removes from place to place and offers for sale bankrupt stocks of goods; and it was alleged they did then and there offer for sale for a limited period of time, to-wit: from November 14, 1935, to December 29, 1935,—bankrupt stocks of goods, such occupation being taxable by law, without having first paid the taxes due, and without first having obtained a license to pursue said occupation; the taxes due by said H. Davidson and J. Davidson to the State of Texas being alleged to be $120.00, and the taxes due the County of Wharton being alleged to be $60.00.

The case must be reversed on its facts, and for other reasons. Mr. Leder, a State witness, testified that he was manager of the Davidsons Incorporated in Wharton; that in November and December, 1935, he took charge of a sale conducted at the Berger & Terry store. Berger & Terry had had a drug store in Wharton, but became bankrupt, and witness sold their stock, as he said, from their former place of business. Such fact, if true, and such conduct, if true, by Mr. Leder would not make of the Davidsons "A merchant who may remove from place to place offering bankrupt stocks, fire sales, goods, etc., for a limited period of time." Neither would it make Mr. Leder such

merchant. Mr. Leder nowhere testified that either of the Davidsons had anything to do with the purchase or sale of the Berger & Terry stock of goods. No other witness connected them with said bankrupt sale. No one testified that the Berger & Terry bankrupt stock was moved from place to place.

A circular was in evidence apparently advertising said sale, which Mr. Leder testified he received through the mail or by express, addressed to Davidsons Incorporated. He said he did not know who wrote or prepared the circular, and the copy thereof introduced in evidence made no mention of Davidsons Incorporated in any way, or either of the appellants.

There is no showing as to how long it took Mr. Leder to wind up said bankrupt sale. The statement that he had it in November and December does not necessarily cover more than a month. He may have had it a few days in November and a few days in December. This is a matter of proof. The punishment permissible in case of conviction of one who so conducted a sale of bankrupt goods without license, as above stated, is made by statute dependent on the length of time the business was carried on. Art. 7047, Rev. Civ. Stats., 1925, provides that one who carries on such business for a month, or less than a month, shall pay an occupation tax of one hundred dollars for each place where such business is located, and if it is carried on for another period less than six months an additional tax is required, and for six months a still greater tax. Art. 121, P. C., provides that he who shall pursue the occupation of an itinerant merchant, such as is here charged, upon conviction, shall be fined not less than the amount of the taxes due, nor more than double such sum. It is manifest from perusal of these statutes that unless appellants, even if guilty, pursued said occupation for more than a month, they could in no event be fined more than $200.00. The actual amount of the verdict fixed a fine of $280.00.

We observe also, without discussing the details, that no witness claimed to have talked to J. Davidson, one of the appellants, and manifestly it would be erroneous to hold him criminally liable upon the hearsay statements of H. Davidson, not made in the presence or hearing of J. Davidson, and it was error for the court to admit as against J. Davidson a photostatic copy of the charter of Davidsons Incorporated, which a witness claimed was shown him by H. Davidson.

The verdict in this case is fatally defective. It found both appellants guilty and assessed against both a fine of $280.00. If guilty the verdict should have fixed the fine of each of the

appellant's separately. The exact point is discussed and decided in Edwards v. State, 75 S. W., 859, and the principle is referred to in 42 Tex. Jur., p. 469.

For the errors mentioned the judgment is reversed and the cause is remanded.

*Reversed and remanded.*